Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed September 13, 2007








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
September 13, 2007.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00127-CV

____________

 

IN RE INTRACARE HOSPITAL d/b/a INTRACARE MEDICAL
CENTER HOSPITAL, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator, Intracare Hospital d/b/a Intracare
Medical Center Hospital, seeks a writ of mandamus ordering the respondent, the
Honorable Joseph Halback, Jr., to vacate the February 7, 2007, order granting
Plaintiff=s Motion to Compel production of privilege log item number 1.  We
conditionally grant the writ.








Real
party in interest, Shantha Abraham, was employed by Intracare as a nurse when
she was injured by a psychiatric patient.  She filed suit against Intracare. 
Intracare asserted objections to real party=s first set of interrogatories and
her first request for production, stating that the responsive documents were
protected from discovery, in part, by the medical peer review committee
privilege.  Abraham then filed a motion to compel responses to the discovery,
and Intracare filed a second supplemental objections and responses, and
attached a privilege log.  Intracare listed eleven documents that were
protected by the Apeer review@ privilege.  Intracare also filed a response to the motion to
compel.

Before
the hearing on the motion to compel, Intracare filed the affidavit of its risk
manager, John Redd.  During the hearing, held on January 5, 2007, the trial
judge ordered the documents produced for an in camera hearing.  A subsequent
hearing was conducted, and on February 7, 2007, the trial court ordered
Intracare to produce all the documents listed in the privilege log except
document number two.  

Intracare
produced the items ordered to be produced, except for document number one on
the privilege log, which is the subject of this proceeding.  Intracare claims
the trial court abused its discretion in finding this document, an occurrence
report, was not protected by the medical committee and peer review privilege.  

To show
itself entitled to relief by writ of mandamus, relator must establish a clear
abuse of discretion by the trial judge and the lack of an adequate remedy by
appeal.  In re Prudential Ins. Co., 148 S.W.3d 124, 135-36 (Tex. 2004). 
A trial court abuses its discretion when its decision is A>so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law=.@  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992)(quoting Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985)).  Mandamus is the proper remedy to protect
confidential documents from discovery.  In re Living Centers of Texas, Inc.,
175 S.W.3d 253, 256 (Tex. 2005).  There is no adequate remedy by appeal when a
trial court orders production of privileged documents because the appellate
court would not be able to cure the trial court=s discovery error.  Memorial Hosp.BThe Woodlands v. McCown, 927 S.W.2d 1, 12 (Tex. 1996)(citing
Walker, 827 S.W.2d at 843).








Intracare
contends that the occurrence report is protected by the medical committee and
peer review privileges because (1) the hospital=s safety committee is a Amedical committee@ under section 161.031(a) of the
Health and Safety Code established by the hospital to evaluate the medical and
health care services provided; (2) the Safety committee requires the completion
of an occurrence report for unusual events, accidents, or injuries; and (3) the
reports are then used by the hospital to investigate and analyze medical and
health care services.

Section
161.032 of the Health and Safety Code contains the medical committee privilege,
which states that A[t]he records and proceedings of a medical committee are
confidential and are not subject to court subpoena.@  Tex.
Health & Safety Code Ann. ' 161.032(a) (Vernon Supp. 2006).  A Amedical committee@ is broadly defined as Aany committee@ of a hospital, including committees
appointed Aad hoc@ to conduct a specific investigation, or Aestablished under state or federal
law or rule or under the bylaws or rules of the organization or institution.@  See id. at ' 161.031(a), (b).  

A Amedical peer review@ committee is defined as Aa committee of a health care entity,
the governing board of a health care entity, or the medical staff of a health
care entity, that operates under written bylaws approved by the policy-making
body or the governing board of the health care entity and is authorized to
evaluate the quality of medical and health care services or the competence of
physicians....@  Tex. Occ. Code Ann. ' 151.002(a)(8) (Vernon Supp. 2006). 
The governing body of a hospital or medical center may form a medical peer
review committee or a medical committee to evaluate medical and health care
services.  See Tex. Health &
Safety Code Ann. ' 161.0315(a)(Vernon Supp. 2006).  The medical peer review
privilege Aprotects the products of the peer review process:  reports, records
(including those produced for the committee=s review as part of the investigative
review process), and deliberations.@  In re Living Centers of Texas,
Inc., 175 S.W.3d 253, 260 (Tex. 2005).  








There is
a statutory business records exception to both the medical committee and
medical peer review committee privileges.  Id. at 257.  Therefore, the
privileges do not apply to records made or maintained in the regular course of
business by a hospital.[1]  Id. 
Similarly, the privilege does not prevent discovery of material that has been Apresented to a hospital committee if
it [is] otherwise available and >offered or proved by means apart from
the record of the committee=.@  Id. (quoting Memorial Hosp.BThe Woodlands v. McCown, 927 S.W.2d 1, 10 (Tex. 1996)). 
While the medical committee privileges promote freedom of discussion in the
evaluation of health care services and health care professionals, the right to
obtain evidence is also important.  Living Centers, 175 S.W.3d at 258. 
Accordingly, the privileges are strictly construed.  Id. 

In
support of its claim of medical committee privilege, Intracare presented to the
trial court evidence that Intracare had established a medical committee, called
a safety committee, which was responsible for promoting and developing safety
standards and a safe environment for patients, visitors, and employees.  The
policies and procedures of the safety committee state that one of the purposes
of the safety committee is to review Asafety related occurrence reports.@ As part of its proof of privilege,
Intracare submitted the affidavit of John Redd, Assistant Administrator for
Intracare, who stated that the safety committee requires the preparation of an
occurrence report for Aany unusual occurrence, accident, injury or harm, or the
potential for injury or harm, to a patient, visitor or staff member.@  The reports are submitted to the
hospital risk management office, which presents a summary of these reports to
the safety committee.  The hospital has developed procedures and policies which
define an occurrence report as Aa confidential administrative communication between the
hospital and its Legal Counsel/Liability Insurance Carrier.@  These policies and procedures also
require the occurrence report to be forwarded to the risk management office,
which summarizes the reports and presents them at the monthly safety committee
meetings.








Intracare
also submitted the document to the trial court in camera.  The document
is a report, describing the occurrence, and is labeled ANot part of the medical record,@ and AFor Risk Management/Quality
Improvement Purposes Only.@  

We find
that Intracare established that the hospital=s safety committee is a committee in
a health care entity and is authorized to evaluate safety standards for
hospital patients, visitors, and personnel.  Thus, it qualifies as a medical
committee under the Texas Health and Safety Code.  See Tex. Health & Safety Code Ann. ' 161.031(a),(b) (Vernon Supp. 2006). 
The policies and procedures of the hospital indicate occurrence reports are
confidential, and are generated to document safety-related occurrences, to be
prepared for submission to the Risk Management office for summary and
presentation to the hospital=s safety committee.  The affidavit of John Redd and its
attachments was sufficient to establish a prima facie showing of privilege.  In
re Osteopathic Medical Center of Texas, 16 S.W.3d 881, 884 (Tex. App.BFort Worth 2000, orig. proceeding). 
Once Intracare established a prima facie case of privilege, the trial court was
required to conduct an in camera review of the documents.  The trial
court properly conducted an in camera review in this case; however,
based on this review, the trial court found that the report in question was not
privileged.  The trial court=s order did not state the basis for his ruling.

In the
trial court, Abraham moved to compel production on the ground that the withheld
documents were  maintained in the regular course of business apart from
committee deliberations and the forwarding of the documents to the committee
did not transform the document into a committee record.  In this court, Abraham
raises three arguments related to those made in the motion to compel:  (1) the
report is not related to Abraham=s medical care and is therefore,
routinely accumulated information; (2) simply because the report was presented
to a committee does not transform it into a committee record, and (3) the
contemporaneous nature of the report indicates it was not part of the evaluative
process.  








Abraham
claims the medical committee privilege only applies to documents connected to
the committee=s evaluation of medical and health care services.  Because Abraham
contends the report in question does not relate to Abraham=s medical care, she reasons that the
document is not privileged, but is routinely accumulated information.  We
disagree.  Intracare presented proof that the preparation of the document in
question was required by the safety committee and the report was created for
review by the committee in the evaluation of health care services and safety
standards at the hospital.  The document itself shows that it was not placed in
the medical records, and that it was for risk management and quality
improvement purposes only.  The document does not appear to have been generated
for routine business or administrative purposes.  Intracare=s proof and a review of the in
camera document establishes that the report was created for the hospital
committee=s review in the evaluation of hospital safety standards.  Even if the
document does not relate to Abraham=s medical care, it is a document
created for and reviewed by the hospital committee in the evaluative process of
developing and maintaining a safe hospital environment.  Accordingly, it is
privileged.








Abraham
also asserts that, because the report is unrelated to the hospital committee=s role in evaluating medical and
health care services, the medical committee privilege does not apply simply
because the document was passed through the committee.[2] 
Indeed, protection does not extend to Adocuments >gratuitously submitted to a committee= or >created without committee impetus and
purpose=.@  McCown, 927 S.W.2d at 10. 
However, Intracare presented proof in the form of Redd=s affidavit and its attachments that
the report at issue was not gratuitously submitted to the hospital safety
committee, but was created at the direction of the committee for its review
safety of health care services and safety standards.

Finally,
Abraham claims the medical peer review privilege is meant to protect an
evaluative process, not mere records.  Because the document in question was
created the day of the incident, Abraham argues it must contain routinely
accumulated information and must not be connected to the evaluative process.
 We are unpersuaded that the contemporaneous nature of the report proves
that the report is unconnected to the evaluative process.  Intracare provided
proof to the trial court that the report is required by the hospital safety
committee to document unusual occurrences, accidents or injuries.  Whether or
not the completion of this report occurred on the date of, or subsequent to,
the occurrence does not alter the nature of the report, whether its completion
was required by the hospital safety committee, or the fact that the hospital
safety committee reviews the report in its evaluation of health care services
and safety standards.  








After
reviewing the proof presented by Intracare and reviewing the in camera document,
we conclude that document number one on the privilege log is a privileged
medical committee record.  Therefore, we hold the trial court abused its discretion
in granting the motion to compel as to this document.  We conditionally grant
the petition for a writ of mandamus and direct the trial court to vacate its
February 7, 2007, order, insofar as it requires Intracare to produce item
number one on the privilege log.  The writ will issue only if the trial court
fails to act in accordance with this opinion.

PER
CURIAM

 

Petition Conditionally Granted and Memorandum Opinion
filed September 13, 2007.

Panel consists of Justices Yates, Anderson, and
Hudson.









[1]  ARecords made or
maintained in the regular course of business@
are those records kept in connection with treatment of patients as well as
business and administrative files apart from committee deliberations.  Memorial
Hosp.BThe Woodlands v. McCown, 927 S.W.2d 1, 10 (Tex. 1996).     





[2]  Abraham=s relies on In re Osteopathic Medical Center of
Texas, 16 S.W.3d 881 (Tex. App.CFort
Worth 2000, orig. proceeding) in support of her claim that the report in this
case was not generated for the committee and thus, was not privileged.  Two
reports were at issue in Osteopathic:  (1) a Patient Event Quality
Tracking Report, and (2) a Security Services Incident Report.  Id. at
883.  The court concluded the first report was entitled to the privilege
because it reflected on its face that it was prepared for the medical peer
review committee, stating ADo Not Copy,@ APrivileged and
Confidential,@ AFor Quality
Assurance Committee Use Only,@ and ANot Part of [a Patient=s] Medical Record.@  Id. at
886. The document also referenced, in part, the medical and health care
provided to the patient, before and after the accident.  Id.  However,
the court concluded the second report  was Amore
likely@ a report made or maintained in the normal course of
business because it was not apparent from the document=s face that it was Anecessarily
prepared by or for the peer review committee for purposes of investigating such
occurrences,@ and it was not related to medical or health care
services provided to the patient following the occurrence.  Id.  We find
that the report at issue here is analogous to the report found privileged in Osteopathic. 
The report at issue in this case documents the incident, states it is not part
of the medical record, and states it is for  risk management/quality
improvement purposes only.  Although the report does not state it is for
committee use, Intracare provided proof that the hospital safety committee
requires preparation of the report for any unusual occurrence, accident, injury
or harm to a patient, visitor or staff member, and is analyzed for follow-up by
Quality Assurance/Risk Management, and for review by the hospital safety
committee.